IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY ERIC PROCTOR, CU-4530,  )
    Petitioner,  )
                                               )
      v.  )  Civil Action No. 06-418
                                               )
PAUL J. STOWITZKY, et al.,  )
    Respondents.  )

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of Anthony Eric Proctor for a writ of habeas corpus be dismissed and that a certificate of appealability be denied for failure to exhaust the available state court remedies.

II. Report:

Anthony Eric Proctor, an inmate at the State Regional Correctional Facility at Mercer has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. In an Order entered on April 11, 2004, the respondent and the Pennsylvania Board of Probation and Parole were directed to answer and show cause, if any, why the relief sought should not be granted.

Proctor is presently serving an eight to twenty year sentence imposed following his conviction of Third Degree Murder. His minimum release date was October 29, 2002 and his maximum release date is October 29, 2014.[1] It is not this conviction and sentence which the

---

[1] See: Petition and Memorandum of the Commonwealth Court filed on January 26, 2006 which is appended to the answer of the Commonwealth.


petitioner is challenging here, but rather he seeks to challenge the decision of the Pennsylvania Board of Probation and Parole revoking his release to a Community Treatment Center as a result of his expulsion and his recommitment as a technical parole violator on May 5, 2005.[2] Proctor's administrative appeal was unsuccessful and he sought relief under the original jurisdiction of the Pennsylvania Commonwealth Court at Docket No. 1362 C.D. 2005.[3] On January 26, 2006, that Court denied his appeal as " frivolous and without arguable merit."[4] No further relief was sought. However, right to seek relief in the Pennsylvania Supreme Court existed, 42 Pa.C.S.A. 723.[5] See: Bivins v. Klem, 2005 WL 1259808 (M.D.Pa.) appended to the Commonwealth's answer.

    It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that

---

[2] See: Attachment to the answer of the Commonwealth.

[3] Id.

[4] Id.

[5] It is provide in 42 Pa.C.S.A. 723(a):
    The Supreme Court shall have exclusive jurisdiction of appeals from final orders of the Commonwealth Court entered in any matter which was originally commenced in the Commonwealth Court except an order entered in a matter which constitutes an appeal to the Commonwealth Court from another court, a district justice or another government unit.

before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

> The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a

3

federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in Williams v. Taylor made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

In the instant case, it is apparent that the petitioner has failed to exhaust the remedies available to him in the court's of the Commonwealth, and that no impediment existed to his doing so. Accordingly, he has failed to exhaust the available state court remedies and his petition here is subject to dismissal.

However, even if this procedural default had not occurred, there is no merit to the petitioner's contentions. As the Commonwealth Court observed, despite the petitioner's argument to the contrary, he was removed from the Community Corrections Center not as a result of a successful completion of the program but rather due to his expulsion from the program. That is, he had failed in his parole.[6] Since parole is a matter of grace and not a mandatory entitlement, Kentucky v. Thompson, 490 U.S. 455 (1989), having violated the condition upon which he was admitted to parole, Proctor's recommitment was neither arbitrary

---

[6] In his release on parole to the Community Corrections Center, it was noted that:
> Removal or Termination from the Community Corrections Center for any reason other than successful completion may result in sanction of a violation of your parole - mandatory.

nor capricious and his argument here is meritless. For this additional reason his petition is subject to dismissal.

Within thirteen (13) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                                                              Respectfully submitted,

Entered: May 15, 2006                              s/Robert C. Mitchell,
                                                                              United States Magistrate Judge